# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                             CRIMINAL NO. 14-578 (RAM)

VICTOR SERNA-GONZALEZ,

Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is *pro se* defendant Victor Serna-González's (hereinafter "Serna-González" or "Defendant") "Motion for Compassionate Release and Reduction of Sentence Pursuant to Amendments 814 and 599." (Docket No. 179). The United States has not filed a response. The matter has been referred to me by the presiding District Judge for report and recommendation. (Docket No. 182).

For the reasons set forth below, I recommend that Defendant's motion for reduction of sentence be DENIED.

### I. BACKGROUND[1]

In the present case, Criminal No. 14-578 (RAM), Defendant was charged along with co-defendant Jonathan López-Andino in a three-count indictment with possession

---

[1] The background information is taken from the documents filed within the docket as well as the Amended Pre-sentence Investigation Report ("PSR") filed at Docket No. 117.

1

with intent to distribute marihuana (approximately 96 marihuana plants), in violation of 21 U.S.C. § 841(a) (Count One); possession of a firearm (a machinegun) in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two); and prohibited person (felon) in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Docket No. 14). In Criminal No. 15-693 (RAM), a grand Jury sitting in this district returned a multi-count indictment against Serna-González and others charging drug-distribution offenses, including conspiracy, in violation of 21 U.S.C. §§ 841(a) and 846. (Criminal No. 15-693 (RAM), Docket No. 3).

In due course, Serna-González pleaded guilty to Count One of the indictment in Criminal No. 15-693 (RAM), the drug conspiracy count (Criminal No. 15-693 (RAM), Docket Nos. 143 and 149), and to Count Two of the indictment in the instant case, the section 924(c) offense. (Docket Nos. 104, 106). He did so by way of plea and forfeiture agreements in both cases. The two cases were subsequently consolidated, and on January 12, 2017, Defendant was sentenced as follows: 87 months of imprisonment as to Count One in Criminal No. 15-593 (RAM), and 96 months of imprisonment as to Count Two in the present case. (Docket Nos. 129, 130). Both sentences were ordered to be served consecutively with each other for a total of 183 months of imprisonment. (*Id.*). Following his release from prison, Defendant shall serve a total term of supervised release of five (5) years. (*Id.*).

Serna-González has twice unsuccessfully attempted to obtain a reduction of his sentence. He moved for a sentence reduction under Amendment 782 (Docket No. 166). That motion was denied on July 5, 2023. (Docket No. 169). The Court also denied Defendant's motion to reduce his sentence under Amendment 821. (Docket No. 171, 176).

2

On March 24, 2025, Defendant filed the motion for reduction of sentence currently under consideration by the Court. (Docket No. 179). The Government has not responded. The presiding District Judge referred the matter to me for report and recommendation on August 14, 2025. (Docket No. 182).[2]

## II.   APPLICABLE LAW AND DISCUSSION

Serna-González' motion is not a model of clarity. But since he is appearing *pro se*, I will do my best to decipher and fully address his arguments. As best can be gleaned from his *pro se* pleading, Defendant seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) because according to him, extraordinary and compelling reasons exists to warrant such relief. Additionally, he contends that a sentence reduction should be granted under 18 U.S.C. § 3582(c)(2) because his sentenced is based on a guideline sentencing range that has been lowered by the Sentencing Commission. The crux of his argument, either under the rubric of the compassionate release statute, or under § 3582(c)(2), is that he erroneously received a two-level weapons enhancement in Criminal No. 15-693 (RAM) in contravention of Amendment 599 which amended the commentary and application notes to U.S.S.G. § 2K2.4 to clarify that no such enhancement shall be applied to the offense level of a drug trafficking offense or crime of violence if the defendant is also convicted of a § 924(c) offense that constitutes relevant

---

[2] Although not formally referred to me, Defendant filed an identical motion for sentence reduction in Criminal No. 15-693 (RAM). (*See* Criminal No. 15-693, Docket No. 513). My recommendation in this case, if adopted, would be extensive to the one filed in Criminal No. 15-693 (RAM).

3

conduct. *See* U.S.S.G. § 2K2.4, cmt. n.4. Serna-Gonzáles thus claims that he "was punished twice for the same firearm." (Docket No. 179 at 6).

Defendant also submits as to rehabilitation that he "has been busy programming while in prison" and suggests that he has not been involved in disciplinary incidents. He also mentions in passing the hardship caused by the Covid-19 pandemic and his family support as reasons for the Court to consider him a good candidate for sentence reduction.

**A.    Legal Framework**

***1.    Compassionate Release – 18 U.S.C. § 3582(c)(1)(A)(i)***

The so-called compassionate release statute allows a court acting on a defendant-filed motion "after the defendant has exhausted all administrative rights to appeal" and as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce [a] term of imprisonment (and... impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i). This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy

4

statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023). Whether the reasons advanced by the defendant are extraordinary and compelling is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . . By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued any policy statements applicable to prisoner-initiated compassionate release motions, the First Circuit held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th at 28. Subsequently, in *United States v. Trenkler*, 47 F.4th at 47-48, it was clarified that the holding in *Ruvalcaba* meant that district courts "may conduct a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors. The "any complex of circumstances" approach, is shaped, however, by the arguments advanced by the defendant, such as when the defendant presents separate arguments in support of his request rather than multiple arguments in favor of the sentence reduction. *United States v. Gonzalez*, 68 F.4th 699, 706 (1st Cir. 2023).

It must be noted that the Sentencing Commission's policy statement regarding defendant-filed motions for sentence reductions is now in effect. *See* U.S.G.G. § 1B1.13 (Nov. 1, 2023). Consequently, the court "must take heed of" the policy statement as noted in *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason. *United States v. Quiros-Morales*, 83 F.4th at 84.

The Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and if the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

The policy statement also requires the court to make a finding that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Factors to be considered in the dangerousness determination include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness that the release of the person would pose to any person or the community. 18 U.S.C. § 3142(g).

### 2. *Retroactive Guideline Amendments – 18 U.S.C. § 3582(c)(2)*

In *United States v. Dillon*, 560 U.S. 817, 819 (2010), the Supreme Court observed that Congress has provided another exception to the general rule that a term of imprisonment may not be modified once imposed. Pursuant to 18 U.S.C. § 3582(c)(2), a reduction of sentence may be granted

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The policy statement of the Sentencing Commission applicable to reductions of sentence on grounds of a lowered guideline range is found in U.S.S.G. § 1B1.10. Said policy statement provides in relevant part that the court may reduce a term of imprisonment under section 3582(c)(2) "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below" and provided that no other exclusions or limitations apply. U.S.S.G. § 1B1.10(a). Amendment 599 is a covered amendment in subsection (d). *See* U.S.S.G. § 1B1.10(d).

Amendment 599 became effective in the year 2000 and expanded the commentary in the Application Notes of United States Sentencing Guideline § 2K2.4 (Use of Firearm, Armor-Piercing Ammunition or Explosive During or in relation to

7

Certain Crimes) to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses. U.S. Sent'g Guidelines Manual app. C (U.S. Sentencing Comm'n 2000). Under the amendment, a weapon enhancement shall not be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction. *See* U.S.S.G. § 2K2.4, cmt. n. 4(A). The First Circuit has explained that "Amendment 599's purpose, broadly stated, is to eliminate duplicative sentences for essentially the same offense." *United States v. Hickey*, 280 F.3d 65, 66 (1st Cir. 2002).

**B.     Exhaustion of Administrative Remedies**

Before discussing the merits of Serna-González' claims, a threshold matter must be addressed. Prior to entertaining a defendant-filed motion for compassionate release, the court must be satisfied that the defendant fully exhausted administrative remedies, or that 30 days elapsed without the director of the Bureau of Prisons having brought such a motion on the defendant's behalf despite a request to the warden of the defendant's facility, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Texeira-Nieves*, 23 F.4th 48, 52-53 (1st Cir. 2022).

Here, Serna-González blanketly asserts that he has exhausted administrative remedies. (Docket No. 179 at 4). He says that he "submitted this request to the Warden" and that "[t]he Warden denied the administrative remedy on August 13, 2013." (*Id.*). This rather cryptic statement, without more, and without supporting documentation, has not placed the Court in a position to properly determine whether there was indeed a request made to the warden of Defendant's facility to file a motion for reduction of sentence on

his behalf. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Nieves*, 615 F. Supp. 3d 73, 75 (D.P.R. 2022) (Arias-Marxuach, C.J.) (explaining that to exhaust administrative remedies, defendants must first request that the BOP file a motion for compassionate release on their behalf.). Exhaustion will be deemed complied with if upon receiving a response from the warden denying the request, the defendant fully exhausts all administrative rights to appeal by following the BOP's Administrative Remedies Procedure. *Id.* (*citing* 28 C.F.R. § 542, subpart B, and 28 C.F.R. § 571.63(a)). Alternatively, a defendant can file the compassionate release motion in the district court if his request to the warden has gone unanswered for more than 30 days. *Quiros-Morales*, 83 F.3d at 84.

Again, other than his unsupported statement, there is no evidence in the record that Serna-González specifically requested the warden from his facility to file a compassionate release motion on his behalf. Assuming he did so, there is no evidence that he followed the BOP's administrative remedies procedure.[3] When the warden of the facility responds to the compassionate release request within 30 days, a defendant **must** exhaust all administrative remedies. *Nieves*, 615 F. Supp. 3d at 76 (emphasis ours). Therefore, I find that Serna-González has not shown that he fully exhausted his administrative rights to appeal as required by § 3582(c)(1)(A).

Notwithstanding the above, dismissal of the petition is not warranted. The exhaustion requirement is not a jurisdictional bar; rather, it is a nonjurisdictional claim-

---

[3] It should be noted that Defendant claims that administrative remedies were denied in August of 2023. He filed the present motion in March of 2025.

processing rule. *United States v. Texeira-Nieves*, 23 F.4th at 53 ("In our judgment . . . [the] exhaustion requirement is not a jurisdictional limitation...."). As such, the government can waive it "either expressly or by failing to raise it as a defense." *United States v. Newton*, No. 17-cr-0073-JAW, 2023 WL 8529442; 2023 U.S. Dist. LEXIS 218588 (D. Me. Dec. 8, 2023) (citations omitted); *see also United States v. Trinidad-Jorge*, No. Criminal No. 16-282 (ADC)(HRV), 2024 WL 1621069, 2024 U.S. Dist. LEXIS 72078 at *3, n.2 (D.P.R. Apr. 15, 2024) (same); *United states v. Waite*, No. 2:18-cr-00113-GZS, 2022 WL 2966505, 2022 U.S. Dist. LEXIS 133073, at *4 (D. Me. July 27, 2022) (exhaustion is mandatory unless waived or conceded by the Government).

By failing to oppose the motion for reduction of sentence, the Government has waived the exhaustion defense. Therefore, I find that the compassionate release motion is properly before the court.

**C. Analysis**

Whether construed as a motion for sentence reduction under § 3582(c)(1)(A)(i)(compassionate release), or a request for sentence modification under § 3582(c)(2)(retroactive amendments)[4], the outcome is the same. Defendant's request for relief is meritless because his argument rests on an erroneous premise. While it is correct

---

[4] It is questionable that § 3582(c)(2) is the appropriate vehicle for seeking relief in this case because at the time of his sentencing hearing in 2017, Amendment 599 had been on the books for close to two decades. Therefore, Serna-González' sentence was not based on a sentencing range that was subsequently lowered by the Sentencing Commission. *United States v. Luster*, No. 22-12062, 2024 WL 95469, 2024 U.S. App. LEXIS 584, at *4 (11th Cir. Jan. 9, 2024) (*quoting Dillon v. United States*, 560 U.S. 817, 831 (2010)) (explaining that even if the sentencing court erred in applying the amended guideline at sentencing, § 3582(c)(2) "does not authorize a resentencing' to correct mistakes in an original sentence.").

that the plea agreement in Criminal No. 15-693 (RAM) contemplated a two-level enhancement for possession of weapons under U.S.S.G. § 2D1.1(b)(1) (*see* Criminal No. 15-693 (RAM), Docket No. 143 at 4), the record reveals that the enhancement was ultimately not applied. The PSR prepared by the probation department clearly shows that no specific offense characteristic enhancements were added to the Offense Level Computation section. (Docket No. 117 at 12).

      Moreover, a comparison of the total offense level (TOL) stipulated by the parties in the plea agreement (29), with the PSR's TOL of 27, establishes that the probation officer correctly applied the tenets of Amendment 599, as outlined in U.S.S.G. § 2K2.4. The 87-month sentence imposed in Criminal No. 15-693 (RAM) is at the higher end of the guideline sentencing range that results from a TOL of 27 and a Criminal History Category of I as determined in the PSR. In the plea agreement, however, the parties stipulated a sentence of 108 months of imprisonment irrespective of criminal history category under a TOL of 29. There is nothing in the record suggesting that the 87-month term of imprisonment was a non-guideline sentence resulting from a downward variance. Simply put, Defendant is mistaken in his assertion that his sentence for the drug offense was enhanced based on possession of firearms. There was no double punishment for the same firearm as claimed.

      Further, putting the Amendment 599 argument aside, Defendant has not otherwise shown that a sentence reduction under § 3582(c)(1)(A)(i) is warranted. González-Serna has not established the existence of extraordinary and compelling circumstances consistent with the Sentencing Commission's policy statement (U.S.S.G. § 1B1.13). Nor has he proven that a reduction of his sentence is supported by the section

11

3553(a) factors and that his early release would not pose a danger to the safety of others in the community. Serna-González briefly mentioned his efforts at rehabilitation, family ties, and alleged lack of disciplinary incidents. But he did not attach supporting documentation to his petition. (*See* Docket No. 179-1).

Defendant's rehabilitation efforts while in prison such as programing and good behavior are commendable but fall short of being extraordinary or compelling reasons to warrant compassionate release. *See United States v. Chavez*, 534 F. Supp. 3d 176, 178 (D. Mass. 2021). The policy statement of the Sentencing Commission specifically prohibits considering rehabilitation, by itself, in the extraordinary and compelling reasons calculus. *See* U.S.S.G. § 1B1.13(d); *see also United States v. Malpica-Garcia*, Criminal No. 04-217 (ADC)(HRV), 2024 WL 1172769, 2024 U.S. Dist. LEXIS 51793 at *7 (D.P.R. Mar. 19, 2024).

In any event, even assuming *arguendo* the existence of extraordinary and compelling reasons, a reduction of González-Serna's sentence would be inconsistent with the § 3553(a) factors. He was a leader in a drug trafficking organization. He also possessed firearms, including a machinegun, in furtherance of the drug distribution offense. Thus, the seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote respect for the law weigh heavily against his early release. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023). These same factors, and the failure to present a detailed release plan, likewise foreclose a finding that Defendant's release will not pose a danger to the safety of others in the community.

### III. CONCLUSION

For the reasons stated, I recommend that the motion for a sentence reduction at Docket No. 179 be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico this 11th day of September, 2025.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE